IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| NATHANIAL DORSEY,<br><br>*Plaintiff*,<br><br>v.<br><br>STAR ENERGY LOGISTICS, LLC,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§  C.A. NO. 7:23-CV-114<br>§<br>§<br>§<br>§<br>§ |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Nathanial Dorsey brings this suit against Star Energy Logistics, LLC. ("Star Energy Logistics," or "Defendant,") under 29 U.S.C. § 216(b), individually and on behalf of all current and/or former employees of Defendant who were not paid minimum wage for the hours they worked per week. Additionally, Plaintiff seeks to recover three months of back wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## **I. NATURE OF THE CASE**

1. Plaintiff's claims arise under the FLSA for unpaid minimum wages. The FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Star Energy Logistics willfully violated the FLSA because the company knew or showed a reckless disregard for whether its pay practices were unlawful. Therefore, Plaintiff brings this action, individually and behalf of similarly situated current and/or former employees of Defendant, under 29 U.S.C. § 216(b) to recover back wages, liquidated damages, and attorneys' fees and costs.

1

## II. PARTIES

3.     Nathanial Dorsey is an individual, who is a citizen of the State of Texas and currently resides within the Northern District of Texas.

4.     Defendant Star Energy Logistics, LLC is a domestic for-profit corporation that may be served through its registered agent, United States Corporation Agents, Inc. located at 9900 Spectrum Dr, Austin, Texas 78717. Alternatively, if the registered agent of this Defendant cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State. *See*, TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

5.     An allegation that Defendant committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants, or employees committed such an act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## III. JURISDICTION AND VENUE

6.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

7.     Venue is proper in this district and division because Defendant resides in this district and division. 28 U.S.C. § 1391(b)(1).

## IV. FACTS

8.     Defendant is a registered trucking company that runs a freight hauling business out

of Odessa, Texas. Therefore, Star Energy Logistics is an institution that has its employees handling, selling, or otherwise working in goods or materials that have been moved in or produced for commerce by any person according to 29 U.S.C. § 203(s)(1)(A). As such, Star Energy Logistics does business and is subject to the territorial jurisdiction of this Court as Defendant is a qualified employer under 29 U.S.C. § 203(s)(1)(A).

9. Defendant employed Dorsey from approximately March 2023 to May 2023. Defendant hired Dorsey as a truck driver.

10. Throughout Plaintiff's employment with Star Energy Logistics, he was responsible for picking up goods, driving the goods to an assigned location, dropping the goods off to be sold, and returning to Odessa, Texas.

11. During Plaintiff's employment with Defendant, he was engaged in commerce or in the production of goods for commerce. Additionally, during Plaintiff's employment with Defendant, Defendant had other employees engaged in commerce or in the production of goods for commerce.

12. During Plaintiff's employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

13. Defendant failed to pay Plaintiff at all the entire three months he was employed. As such, Plaintiff's hourly rate was well below the federal minimum wage. However, Plaintiff was promised by Star Energy Logistics he would be paid at a rate of $30.00 per hour. Plaintiff was never paid for any hours he worked, making his hourly rate equate to an unconscionable $0.00 per hour.

14. Moreover, during Plaintiff's employment with Defendant, he regularly worked in excess of forty hours per week. Further, Defendant knew or should have known that

Plaintiff worked in excess of forty hours per week.

15. Although Plaintiff worked in excess of forty hours per week, he was exempt from the maximum hour requirements of the FLSA because he was a truck driver who operated large trucks in interstate commerce. Despite this, Defendant failed to pay Plaintiff at the required minimum wage and Plaintiff was not compensated for any hours that he worked.

16. In addition, Defendant did not require Plaintiff to log his hours at all.

17. As such, Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

18. Additionally, during Plaintiff's employment with Defendant, the company did not maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211© and 29 C.F.R. pt. 516.

19. Plaintiff requested to be paid by Defendant multiple times through GroupMe messages. Additionally, Plaintiff sent a letter to Defendant asking to be justly compensated for the hours he worked prior to filing this suit. Ultimately, Defendant did not respond and failed to acknowledge Plaintiff's messages or letter for compensation for hours he had already worked. As such, Defendant continued the pay practice(s) complained of by Plaintiff, without investigation, despite being put on notice that the pay practice(s) violated the FLSA.

20. Because Defendant willfully violated the FLSA, the company is liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

21. As a result of the FLSA violation(s) described above, Defendant is liable to Plaintiff for back wages, liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b).

22. Further, based on conversations with former coworkers, Plaintiff has knowledge that

Defendant has willfully violated the FLSA with other similarly situated employees as Plaintiff. It is within Plaintiff's knowledge that Defendant also failed to compensate its former employees for all hours they worked, and their hourly rate was also below the federal minimum wage.

23. As such, all truck drivers who were paid on an hourly basis and employed by Defendant during the last three years are similarly situated to Plaintiff because (1) they have similar job duties; (2) they were paid the same way and the same amount; (3) they were not paid the federal minimum wage; (4) they regularly worked or work in excess of forty hours per week; (5) they were or are not paid overtime for the hours they worked or work in excess of forty hours per week as required by 29 U.S.C. § 207(a)(1); and (6) they are entitled to recover back wages, liquidated damages, and attorneys' fees and costs from Defendant under 29 U.S.C. § 216(b).

## V. CAUSES OF ACTION

### Count No. 1 – Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206

24. Plaintiff adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

25. During Plaintiff's employment with Defendant, he was a non-exempt employee and entitled to be paid the federal minimum wage, $7.25 per hour, for all hours worked. 29 U.S.C. § 206(a)(1). Defendant was (and is) legally obligated to pay Plaintiff at the minimum rate of $7.25 per hour.

26. However, due to the number of hours Plaintiff worked, Defendant paid Plaintiff at a rate that was (and is) below $7.25 per hour. In fact, Plaintiff was paid at an hourly rate of $0.00 per hour due to the fact Plaintiff was never paid for any hours he worked for

5

Defendant.

27. If Defendant classified Plaintiff as exempt from the minimum wage requirements of the FLSA, he was misclassified.

28. As a result of the FLSA violation(s) described above, Defendant is liable to Plaintiff for back wages equal to the difference between what the company should have paid and what it actually paid.

### Count No. 2 – Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

29. Plaintiff adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

30. The FLSA requires employers to keep accurate records of hours worked by and wages paid to non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

31. In addition to the violations of the FLSA described within this Complaint, Defendant also failed to keep proper time and pay records as required by the FLSA.

### Count No. 3 - Willful Violation of the FLSA under 29 U.S.C. § 255(a)

32. Plaintiff adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

34. During Plaintiff's employment with Defendant, the company did not maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

35. Additionally, Defendant continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practice(s) violated the FLSA.

36. Therefore, because Defendant willfully violated the FLSA, the company is liable to

Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### Count No. 4– Collective Action Allegations Under 29 U.S.C. § 216(b)

37. Plaintiff adopts by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. On information and belief, other employees of Defendant have been victimized by the FLSA violation(s) described above. It is within Plaintiff's knowledge based on conversations with former coworkers that multiple individuals were also not fully compensated for the hours they worked for Defendant.

39. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions and were compensated in the same or a similar manner, which, as explained herein, violates the FLSA.

40. Defendant's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Unpaid Truck Drivers (defined below).

41. Since Plaintiff's experiences is typical of the experiences of the members of the Unpaid Truck Drivers, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

42. For these reasons and under 29 U.S.C. § 216(b), Plaintiff requests that the Court authorize notice regarding the pendency of this case and the right to join it in the following collective(s):

> All truck drivers employed by Defendant during the last three years who worked for Defendant at 822 N Lee Ave, Odessa, Texas 79761 (the "Unpaid Truck Drivers").

43. Defendant is liable to Plaintiff and the members of the Unpaid Truck Drivers for back wages equal to the difference between what the company should have paid and what

it actually paid.

44. Plaintiff has retained competent and capable attorneys who are experienced in complex employment litigation (including collective actions); Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Unpaid Truck Drivers, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

## VI. JURY DEMAND

45. Plaintiff requests a trial by jury.

## VII. RELIEF SOUGHT

46. Plaintiff demands the following relief:

   a) an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Unpaid Truck Drivers;

   b) an order appointing Plaintiff as the representative of the Unpaid Truck Drivers;

   c) an order appointing Space City Law Firm counsel for the Unpaid Truck Drivers;

   d) an incentive award for Plaintiff for serving as representative of the Unpaid Truck Drivers if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   e) judgment against Defendant in Plaintiff's favor both individually and on behalf of the members of the Unpaid Truck Drivers for back wages, liquidated damages and attorneys' fees, plus interest and costs under 29 U.S.C. § 216(b); and

f)  all other relief and sums that may be adjudged against Defendant in Plaintiff's favor both individually and on behalf of the members of the Unpaid Truck Drivers.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

/s/ Bridget Davidson

Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify on 20th day of July, 2023, I filed a true and correct copy of the foregoing via the Court's CM/ECF system and therefore a copy was provided to all counsel of record.

_____
Bridget Davidson