IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

NATHANIAL DORSEY, §
§
*Plaintiff*, §
§
§
§
v. §
§
§    C.A. NO. 7:23-CV-114-DC-RCG
§
STAR ENERGY LOGISTICS, LLC, §
§
*Defendant*. §
§

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Nathaniel Dorsey moves for default judgment against Defendant Star Energy

Logistics, LLC and in support thereof, shows the following:

## I.    Introduction

1.    Plaintiff is a former employee of Star Energy Logistics, LLC.

2.    Defendant provides freight services and provides these services out of its principal place

of business that is located within the jurisdiction of this Court.

3.    Plaintiff has brough claims against Defendant for violations of the Fair Labor Standards

Act ("FLSA"), including failure to pay at the required federal minimum wage and failure to

maintain accurate records of Plaintiff's hours worked. *See generally*, Plaintiff's Original

Complaint, Doc. 1.

4.    Although properly served, Defendant failed to file an answer to Plaintiff's Original

Complaint and is currently in default. Doc. 12.

## II.    Factual Background

5.    On July 20, 2023, Plaintiff filed his Original Complaint. Doc. 1.

1

6.      After the summons was issued for Defendant by the Court, Plaintiff retained the services

of a process server who perfected service of process on Defendant via its registered agent

according to the Texas Secretary of State website. Docs. 4, 5; *see also*, EXHIBIT A: Texas Secretary

of State – Star Energy Logistics LLC Registered Agent (originally researched on June 1, 2023).

7.      When Defendant did not file its answer or other responsive pleading, on August 25, 2023,

the Court entered an Order to Show Cause to Defendant as to why Judgment on Plaintiff's

Complaint should not be granted. Doc. 6. The Order gave Defendant until September 8, 2023 to

respond and was sent via USPS Certified Mail to Defendant's registered Agent. *Id*.; *see also*, Doc.

7.

8.      Out of abundance of caution, Plaintiff unilaterally sent a copy of the Order and Plaintiff's

Original Complaint to Defendant's business address Plaintiff found online as well as the Post

Office Box listed as the business address on the Texas Secretary of State on September 14, 2023.

*See generally*, Doc. 10.

9.      Plaintiff moved for the Clerk's entry of default on September 25, 2023 and the same was

granted on October 10, 2023. Docs. 11, 12.

10.     The Court sent notice, via USPS Certified Mail, of the Order and the Clerk's entry of

default on the same day, October 10, 2023, to three separate addresses: 1) the address Plaintiff

found online for the company as its business address; 2) the Post Office box listed as the company's

business address per the Texas Secretary of State; and 3) Defendant's registered agent's address

per the Texas Secretary of State. Docs. 13, 14, 15.

11.     As of the date of this Motion, only one Certified Mail Return Receipt was returned and

filed by the Court, the mailing to Defendant's business address according to the internet. Doc. 16.

### III.    Arguments & Authorities

12.    If the Plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on Plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1).

13.    The Fair Labor Standards Act ("FLSA") provides that liquidated damages be awarded for FLSA violations in an amount equal to the actual damages. 29 U.S.C. § 216(b). In fact, the Fifth Circuit has held that '[e]ven if the district court determines the employer's actions were taken in good faith and based on reasonable grounds, the district court still retains the discretion to award liquidated damages." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999). The court in an FLSA action shall, in addition to any judgment awarded to the plaintiff, allow reasonable attorneys' fees to be paid by the defendant, and costs of the action. 29 U.S.C. §216(b); *see also*, *Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

14.    In this case, Plaintiff was supposed to make $30.00 per hour when he worked for Defendant. Exhibit B: Declaration of Nathanial Dorsey, ¶ 1. From March 2023 to May 2023, Plaintiff worked approximately eight (8) shifts, which he tracked with handwritten notes. *Id*. at ¶ 4. Adding up the hours that Plaintiff worked, the total number of hours is 98.5. *Id*.; *see also*, Exhibit 1 to Ex. B. As such, Plaintiff's unpaid wages are known and made certain by computation and sworn testimony by Plaintiff. Specifically, Plaintiff's unpaid wages equal $2,955.00 ($30 x 98.5).

15.    Plaintiff submitted his hours to Defendant, but Defendant refused to pay him for a single hour worked. EX. B, ¶ 6. Defendant received notice of this lawsuit through his registered agent on July 28, 2023. Doc. 5. The Court and Plaintiff sent notice to Defendant regarding the company's

failure to respond to the lawsuit at all addresses known to be attributed to the Defendant, including its registered agent. Docs. 7, 8, 10. Defendant is now in default, has refused to respond to Plaintiff, Plaintiff's counsel, and not this Court with regard to the unpaid wage and recordkeeping violations asserted by Plaintiff in this suit. As such, Plaintiff asks this Court to also award liquidated damages in the amount of Plaintiff's actual damages ($2,955.00).

16.      Plaintiff also asks for his reasonable attorneys' fees and costs of court. Through the date of this Motion Plaintiff's counsel has spent 14.5 hours on this matter. *See*, EXHIBIT C: Declaration of Attorneys' Fees, ¶ 7. Plaintiff's counsel has spent $617 ($100 in administrative fees, $402.00 for costs of court, and $115.00 in service of process fees) for costs of court. *Id*. at ¶ 8. Plaintiff's counsel estimates another ten (10) hours will be needed to pursue collection of the final judgment in this case. *Id*. at ¶ 9.

17.      Defendant is a limited liability company, not an individual, and therefore not on active duty in the armed forces. Additionally, as a company, Defendant is neither a minor nor an incompetent person. *See* Fed. R. Civ. P. 55(b)(1). Thus, default judgment may be entered against the company.

## IV.    Conclusion

18.      For the foregoing reasons, Plaintiff requests that the Court enter default judgment against Defendant. Plaintiff asks the Court to award Plaintiff with his actual damages ($2,955.00), liquidated damages ($2,955.00), his reasonable attorneys' fees and costs as well as costs of court ($6,417.00).

Respectfully Submitted,

**SPACE CITY LAW FIRM**

_BDavidson_

Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
SPACE CITY LAW FIRM
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that after filing this Motion electronically via the Court's CM/ECF system,

I shall send a true and correct copy of this Motion to Defendant via USPS Certified Mail at the

following addresses:

Star Energy Logistics, LLC
822 N. Lee Ave
Odessa, Texas 79761

Star Energy Logistics, LLC
P.O. Box 51091
Midland, Texas 79710

Star Energy Logistics, LLC
c/o United States Corporation Agents, Inc.
900 Spectrum Dr.
Austin, Texas 78717

_BDavidson_

Bridget Davidson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NATHANIAL DORSEY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. 7:23-CV-114-DC-RCG |
| STAR ENERGY LOGISTICS, LLC, | § | |
| *Defendant*. | § | |

**VERIFICATION OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Under 28 U.S.C. § 1746, I, Bridget Davidson, declare under the penalty of perjury that the following is true and correct:

1. "My name is Bridget Davidson, my date of birth is 11/11/1989. I am counsel for Plaintiff Nathanial Dorsey in the above numbered and styled cause. My address is 3603 Sierra Pines Drive, Houston, Texas 77068. I am over the age of 18, of sound mind, and am capable of making this Verification.

2. I hereby verify that promptly upon the electronic filing of this Motion, I shall send a copy of Plaintiff's Motion, including all exhibits, verification, and the proposed order, to all three known addresses for Defendant via USPS Certified Mail, Return Receipt Requested. I will file the proof of the same with the Court."

| | |
|---|---|
| 10/15/2023 | *B. Davidson* |
| Date | Bridget Davidson |